IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE FLECKENSTEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-212 |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 19th day of September, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1] Kilolo Kijakazi is substituted as the defendant in this matter, replacing former Commissioner Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff raises two primary arguments as to why he believes that the Administrative Law Judge ("ALJ") erred in finding him not to be disabled pursuant to the Act. First, he argues that the ALJ erred in her assessment of the medical opinion evidence, and second, that in any event, substantial evidence does not support the ALJ's formulation of his residual functional capacity ("RFC"). The Court finds no merit to these arguments and, instead, finds that substantial evidence supports the ALJ's decision.

Plaintiff's first argument is that the ALJ incorrectly found the opinions of state agency consultants Stephanie Prosperi, M.D. (R. 127-29), and Mary Ellen Wyszomierski, M.D. (R. 141-55), to be more persuasive than those of Kimberly Liang, M.D. (565-68), Plaintiff's treating rheumatologist, and Aledsandr Mikhaylovskiy, M.D. (R. 600-03), his treating pain management specialist. He argues that the opinions of Dr. Liang and Dr. Mikhaylovskiy were not only from treating sources, but that they were also better supported and more consistent with the record than the opinions of the state agency consultants. Upon review, the Court finds that the ALJ's analysis comported with 20 C.F.R. § 404.1520c and that it was supported by substantial evidence.

The Court first notes, as Plaintiff appears to acknowledge, that for cases such as this one, filed on or after March 27, 2017, the Social Security Administration ("SSA")'s regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* 20 C.F.R §§ 404.1520c(b) and (c).

The ALJ's analysis regarding the medical opinions reflects this new standard. She specifically discussed why she found the opinions of Dr. Prosperi and Dr. Wyszomierski to be well supported and consistent with the record and why she found that the opinions of Plaintiff's treating physicians were not. While it is true that neither Dr. Prosperi nor Dr. Wyszomierski ever examined Plaintiff, even before the 2017 amendments to the regulations, when the medical opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). In certain cases, the ALJ would be justified in giving more weight to the non-examining professional's opinion. *See Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005). Given that the amendments have lessened the importance of a source's treating relationship on the ALJ's determination, the ALJ here was certainly within her authority to evaluate the medical opinions as she did.

Next, Plaintiff contends that the ALJ's RFC assessment was not supported by substantial evidence because it contained no restrictions related to Plaintiff's limitations in reaching/using his upper extremities and postural activities. As to the use of his upper extremities, Plaintiff merely cites to record evidence that he believes demonstrates that the RFC should have included additional restrictions. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Here, more than substantial evidence supports the ALJ's determination not to include limitations as to Plaintiff's upper extremities, including objective medical evidence that the ALJ expressly discussed (R. 21) and the opinions of the state agency consultants which suggested no such limitations (R. 134-36, 150-52).

The state agency consultants did, however, opine that Plaintiff has postural limitations, specifically that he could occasionally climb stairs, ramps, ladders, ropes, and scaffolds; stoop; kneel; crouch; and crawl, and that he could frequently balance. (R. 135, 150-51). Plaintiff argues that, even though the ALJ found these opinions to be persuasive overall, she did not include in the RFC all of the postural limitations to which they opined, even though such limitations were supported by the evidence. Of course, "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight.'" *Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citations omitted). Nonetheless, the Court does acknowledge that it is unclear whether the ALJ purposefully excluded postural limitations such as stooping, kneeling, crouching, crawling, and balancing from the RFC, or whether their exclusion was an oversight. Regardless, the Court finds that the omission of these postural limitations does not warrant remand.

Pursuant to Social Security Ruling ("S.S.R.") 83-14 and S.S.R. 85-15, a limitation to only occasional stooping, crouching, crawling, kneeling and balancing does not impact the ability to perform the full range of light work. S.S.R. 83-14 states that "to perform substantially all of the exertional requirements of most sedentary and light jobs, *a person would not need to crouch and would need to stoop only occasionally* (from very little up to one-third of the time, depending on the particular job)." 1983 WL 31254, at *2 (S.S.A. 1983) (emphasis added). S.S.R. 85–15 provides that:

> Where a person has some limitation in climbing and balancing and it is the only limitation, it would not ordinarily have a significant impact on the broad world of work. Certain occupations, however, may be ruled out; e.g. light occupation of construction painter, which requires climbing ladders and scaffolding .... *If a person can stoop occasionally* (from very little up to one-third of the time) in order to lift objects, *the sedentary and light occupational base is*

3

> *virtually intact....* However, *crawling* on hands and knees and feet *is a relatively rare activity* even in arduous work, and *limitations on the ability to crawl would be of little significance in the broad world of work. This is also true of kneeling* (bending the legs at the knees to come to rest on one or both knees).

1985 WL 56857, at \*\*6-7 (S.S.A. 1985) (emphasis added). These rulings demonstrate that the nature of light work does not contemplate the ability to stoop, crawl, kneel, balance, or crouch on a frequent basis. The Court notes that other courts have agreed that the need to "only occasionally perform postural activities, no climbing ladders, ropes or scaffolds, and need to avoid concentrated exposure to excessive vibration or work hazards does not significantly erode the ability to perform sedentary and light work as most jobs at these exertion levels do not require these activities." *Atkinson v. Barnhart*, No. 05-471, 2006 WL 1455473, \*6 (D. Nev. May 19, 2006); *see also Bandy v. Shalala,* No. 93-2284, 1994 WL 33151, at \*2 (8th Cir. 1994); *Muller v. Saul*, No. CV 19-135, 2020 WL 529601, at \*4 (W.D. Pa. Feb. 3, 2020); *Waldor v. Colvin*, No. CV 16-306, 2017 WL 3075118, at \*4 (W.D. Pa. July 19, 2017).

Therefore, any error in failing to explicitly adopt all of Drs. Prosperi and Wyszomierski's postural limitations was harmless as Plaintiff has failed to prove how he would have benefitted from the inclusion of those additional limitations in his RFC assessment. *See Rutherford v. Barnhart,* 399 F.3d 546, 553 (3d Cir.2005) (concluding "that a remand is not required here because it would not affect the outcome of the case."). Even if adopted in full, their limitation to occasional postural activities would have no meaningful impact on the light occupational base. Indeed, even Dr. Mikhaylovskiy opined to no more than occasional postural limitations other than climbing ladders. (R. 601). Accordingly, it does not matter whether the ALJ properly or improperly included no restrictions to Plaintiff's ability to stoop, crawl, kneel, balance, and crouch in the RFC.

Finally, Plaintiff also contends that ALJ Leslie Perry-Dowell, the ALJ here, was wrong in considering the December 5, 2017 decision of ALJ Christian Bareford (R. 71-114), the ALJ who adjudicated Plaintiff's previous claim for benefits, because ALJ Bareford had not been properly appointed at the time he issued his decision, citing *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), and *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020), as a basis for remand. In *Lucia*, the United States Supreme Court found an ALJ of the Securities and Exchange Commission assigned to hear enforcement actions to be an "Officer of the United States," subject to the Appointments Clause of the United States Constitution. The Third Circuit Court of Appeals, in *Cirko*, held that claimants can raise the challenge that ALJs of the SSA were not properly appointed under the Appointments Clause without having exhausted those claims before the agency where the ALJs had, in fact, not been properly appointed at the time of the claimant's administrative proceedings. Plaintiff argues that since ALJ Bareford was not properly appointed at the time he rendered the 2017 decision, it cannot be relied upon as evidence. The Court disagrees.

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 27) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 29) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:     Counsel of record

---

There is no question here that ALJ Perry-Dowell, the ALJ who issued the opinion under consideration, was duly appointed under the Appointments Clause. Plaintiff does not argue to the contrary, and given that the Acting Commissioner reappointed the SSA's ALJs under her own authority on July16, 2018, *see* S.S.R. 19-1p, 2019 WL 1324866 (S.S.A.), at *2 (2019), ALJ Perry-Dowell was clearly properly appointed when she rendered her July 28, 2020 decision.  ALJ Bareford was not the adjudicating ALJ in the matter presently before the Court, so whether he was properly appointed is not relevant. The December 5, 2017 decision has been cited merely as opinion evidence.  It should go without saying that an ALJ can consider an opinion that is part of the record even if the person who gave it was not Constitutionally appointed.  Simply put, *Lucia* and *Cirko* dealt with the issue of authority, not the issue of persuasiveness.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings.  The Court will therefore affirm.